Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines Esq.
Nevada Bar No. 9411
Gerardo Avalos Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
Ghaines@freedomlegalteam.com
*Counsel for Plaintiff Angela B. Allen*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Angela B. Allen,<br>　　　　　Plaintiff,<br>　v.<br>Experian Information Solutions, Inc.;<br>Clarity Services, Inc.;<br>Backgroundchecks.com LLC;<br>National Consumer Telecom &<br>Utilities Exchange, Inc.; Verizon<br>Wireless Services, LLC; SCA<br>Collections, Inc.; Cash 1 LLC; and<br>CNU of Nevada, LLC, d/b/a<br>CashNetUSA,<br>　　　　　Defendants. | Case No.:<br><br>**Complaint for damages under the FCRA, 15 U.S.C. § 1681** |

**Introduction**

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Angela B. Allen ("Plaintiff"), by counsel, brings this action to challenge the actions of Experian Information Solutions, Inc.; Clarity Services, Inc.; Backgroundchecks.com LLC; National Consumer Telecom & Utilities Exchange, Inc.; Verizon Wireless Services, LLC; SCA Collections, Inc.; Cash 1 LLC; and CNU of Nevada, LLC, d/b/a CashNetUSA (Experian, Clarity Services, Backgroundchecks.com, NCTUE, Verizon, SCA, Cash 1, and CNU respectively,

or jointly as "Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants

7. took place in Nevada.

8. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

9. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## Jurisdiction and Venue

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.

11. This action arises out of Defendants' violations of the FCRA.

12. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## Parties

13. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

14. Defendants are each a corporation doing business in the State of Nevada.

15. Verizon, SCA, Cash 1, and CNU are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

16. Experian, Clarity Services, Backgroundchecks.com, and NCTUE regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. These entities are "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(f).

17. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## GENERAL ALLEGATIONS

18. On or about Apr 14, 2020, Plaintiff filed for bankruptcy in the United States bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 et seq. (the "bankruptcy").

19. The obligations to each creditor-furnisher herein (as applicable) were scheduled in the bankruptcy and each respective creditor, or its predecessor in interest, received notice of the bankruptcy.

20. None of the creditor-furnishers named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 et seq.

21. No creditor-furnisher named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 et seq. while Plaintiff's bankruptcy was pending to pursue Plaintiff for any personal liability.

22. Further, while the automatic stay was in effect during the bankruptcy, it was illegal and inaccurate for any creditor-furnisher named herein to report any

post-bankruptcy derogatory collection information, pursuant to the Orders entered by the bankruptcy Court.

23. The accounts named herein (as applicable) were discharged through the bankruptcy on Jul 14, 2020.

24. However, Defendants either reported or caused to be reported inaccurate information as discussed below after Plaintiff's debts were discharged.

25. Additionally, Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

26. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA.

27. Courts rely on such guidance to determine furnisher liability. *See, e.g., In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

28. On information and belief, Defendants adopted and at all times relevant implemented the Metro 2 format.

29. On information and belief, each furnisher named herein adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

30. Each furnisher named herein failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts after Plaintiff filed bankruptcy as further set forth below.

31. In turn, each of the credit reporting agencies named herein, reported and re-reported the inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

32. To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

33. A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

**Experian and Cash 1 Misreported Credit Information**

**and Failed to Investigate Plaintiff's Dispute**

34. In Plaintiff's credit report from Experian dated Jul 20, 2020, Experian and Cash 1 inaccurately reported that Plaintiff's Cash 1 account with a balance of $858 and $121 past due in "Open" status. This was inaccurate because this account was included in Plaintiff's bankruptcy on Apr 14, 2020 and Plaintiff received a discharge on Jul 14, 2020.

35. On Aug 31, 2020, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Experian, in writing, of the inaccurate, misleading, and derogatory credit information.

36. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian, requesting the above inaccurate, misleading, and derogatory information be updated, modified, or corrected.

37. Experian was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

38. Upon information and belief, Experian timely notified Cash 1 regarding

Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

39. Upon information and belief, Experian provided Cash 1 with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

40. Upon information and belief, Experian provided all relevant information to Cash 1 regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

41. Plaintiff never received any notification from Experian that Experian and  Cash 1 investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

42. A reasonable investigation by Experian and Cash 1 would have determined that they were reporting the above disputed accounts inaccurately.

43. Experian and Cash 1 failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

44. Upon information and belief, Cash 1 continued to report the inaccurate information.

45. In turn, Experian re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

46. Experian and Cash 1, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

47. Due to Experian's  and Cash 1's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

48. Experian's and Cash 1's continued inaccurate and negative reporting was

knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

49. Also as a result of Experian's and Cash 1's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

50. By inaccurately reporting consumer information after notice and confirmation of its errors, Experian and Cash 1 failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

**Experian and SCA Misreported Credit Information**

**and Failed to Investigate Plaintiff's Dispute**

51. In Plaintiff's credit report from Experian dated Jul 20, 2020, Experian and SCA inaccurately reported erroneous information on the following SCA accounts: Account #0057x with a balance of $872 and a past due collections status; account #9578x with a balance of $423 and a past due collections status; account #3014x with a balance of $1,983 and a past due collections status; account #7134x with a balance of $56 and a past due collections status; account #9741x with a balance of $483 and a past due collections status; account #9996x with a balance of $438 and a past due collections status.

52. This information is incorrect as these accounts were discharged in Plaintiff's bankruptcy on Jul 14, 2020.

53. On Aug 31, 2020, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Experian, in writing, of the inaccurate, misleading, and derogatory information.

54. Specifically, Plaintiff sent a letter, certified, return receipt, to Experian, requesting the above inaccurate, misleading, and derogatory information be updated, modified, or corrected.

55. Experian was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

56. Upon information and belief, Experian timely notified SCA regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

57. Upon information and belief, Experian provided SCA with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

58. Upon information and belief, Experian provided all relevant information to SCA regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

59. Plaintiff never received any notification from Experian that Experian and SCA investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

60. A reasonable investigation by Experian and SCA would have determined that they were reporting the above disputed accounts inaccurately.

61. Experian  and SCA failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

62. Upon information and belief, SCA continued to report the inaccurate information.

63. In turn, Experian re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

64. Experian and SCA, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

65. Due to Experian's  and SCA's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of

inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

66. Experian's and SCA's continued inaccurate and negative reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

67. Also as a result of Experian's and SCA's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

68. By inaccurately reporting consumer information after notice and confirmation of their errors, Experian and SCA failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

### NCTUE and Verizon Misreported Credit Information
### and Failed to Investigate Plaintiff's Dispute

69. In Plaintiff's credit report from NCTUE dated Jul 28, 2020, NCTUE and Verizon Wireless inaccurately reported Plaintiff's Verizon Wireless account with a balance of $641.58 in "Charge-Off" status. This is incorrect as this account was discharged in Plaintiff's bankruptcy on Jul 14, 2020.

70. On Oct 1, 2020, Plaintiff disputed NCTUE reporting pursuant to 15 U.S.C. § 1681i, by notifying NCTUE, in writing, of the inaccurate, misleading, and derogatory credit information.

71. Specifically, Plaintiff sent a letter, certified, return receipt, to NCTUE, requesting the above inaccurate, misleading, and derogatory information be updated, modified, or corrected.

72. NCTUE was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

73. Upon information and belief, NCTUE timely notified Verizon regarding

Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

74. Upon information and belief, NCTUE provided Verizon with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

75. Upon information and belief, NCTUE provided all relevant information to Verizon regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

76. Plaintiff never received any notification from NCTUE that NCTUE and Verizon investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

77. A reasonable investigation by NCTUE and Verizon would have determined that they were reporting the above disputed accounts inaccurately.

78. NCTUE and Verizon failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

79. Upon information and belief, Verizon continued to report the inaccurate information.

80. In turn, NCTUE re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

81. NCTUE and Verizon, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

82. Due to NCTUE's and Verizon's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

83. NCTUE's and Verizon's continued inaccurate and negative reporting was

knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

84. Also as a result of NCTUE's and Verizon's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

85. By inaccurately reporting consumer information after notice and confirmation of their errors, NCTUE and Verizon failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

**Clarity Services and CNU Misreported Credit Information**
**and Failed to Investigate Plaintiff's Dispute**

86. In Plaintiff's credit report from Clarity Services dated Jul 30, 2020, Clarity Services and CNU inaccurately reported a $150 loan to CNU with a past due amount of $188 and "Charge Off" status. This is incorrect as this account was discharged in Plaintiff's bankruptcy on Jul 14, 2020.

87. On Oct 1, 2020, Plaintiff disputed Clarity Services reporting regarding the debt pursuant to 15 U.S.C. § 1681i by notifying Clarity Services, in writing, of the inaccurate, misleading, and derogatory credit information.

88. Specifically, Plaintiff sent a letter, certified, return receipt, to Clarity Services, requesting the above inaccurate, misleading, and derogatory information be updated, modified, or corrected.

89. Clarity Services was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

90. Upon information and belief, Clarity Services timely notified CNU regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

91. Upon information and belief, Clarity Services provided CNU with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

92. Upon information and belief, Clarity Services provided all relevant information to CNU regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

93. On or around Nov 6, 2020, Plaintiff received notice that Clarity Services and CNU Online Holdings investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

94. A reasonable investigation by Clarity Services and CNU would have determined that they were reporting the above disputed accounts inaccurately.

95. Clarity Services  and CNU failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

96. Upon information and belief, CNU continued to report the inaccurate information.

97. In turn Clarity Services re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

98. Clarity Services and CNU, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

99. Due to Clarity Services' and CNU's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

100. Clarity Services' and CNU's continued inaccurate and negative reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

101. Also as a result of Clarity Services' and CNU's continued inaccurate and

negative reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

102. By inaccurately reporting consumer information after notice and confirmation of their errors, Clarity Services and CNU failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

## Backgroundchecks Misreported Consumer Information
## and Failed to Investigate Plaintiff's Dispute

103. In Plaintiff's consumer report from Backgroundchecks dated Sep 24, 2020, Backgroundchecks inaccurately reported criminal history that does not pertain to Plaintiff, which was inaccurate, misleading, and derogatory.

104. On or about Nov 12, 2020, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i(a)(2), by notifying Backgroundchecks, in writing, of the inaccurate, misleading, and derogatory information.

105. Specifically, Plaintiff sent a letter on Nov 12, 2020, certified, return receipt, to Backgroundchecks, requesting the above inaccurate information be corrected or removed.

106. Backgroundchecks was required to conduct an investigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

107. Backgroundchecks failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i.

108. Backgroundchecks continued to report and re-report the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer

report.

109. Backgroundchecks, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

110. A reasonable investigation by Backgroundchecks would have discovered that the information it was reporting was inaccurate, misleading, and derogatory.

111. Due to the failure by Backgroundchecks to reasonably investigate, it further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i, thereby causing continued reporting of inaccurate information in violation of the FCRA.

112. Plaintiff's continued efforts to correct the inaccurate, misleading, and derogatory reporting by communicating Plaintiff's dispute with Backgroundchecks and were fruitless.

113. Backgroundchecks' continued inaccurate and negative reporting was knowing and willful because it had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

114. Also as a result of the continued inaccurate, misleading, and derogatory reporting by Backgroundchecks, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

115. By reporting inaccurate consumer information after notice and confirmation of its errors, Backgroundchecks failed to take the appropriate measures as required under 15 U.S.C. §§ 1681i.

///
///
///
///
///

1

**Plaintiff's damages**

2   116. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff

3        suffered emotional distress and mental anguish as a result of Defendants'

4        actions described herein. In addition, Plaintiff incurred out-of-pocket costs and

5        time in attempts to dispute Defendants' actions. Plaintiff further suffered

6        humiliation and embarrassment.

7        **VIOLATION OF THE FAIR CREDIT REPORTING ACT**

8        **15 U.S.C. § 1681**

9   117. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

10       as though fully stated herein.

11  118. The foregoing acts and omissions constitute numerous and multiple willful,

12       reckless, or negligent violations of the FCRA, including but not limited to each

13       and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et

14       seq.

15  119. As a result of each and every willful violation of the FCRA, Plaintiff is entitled

16       to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1);

17       statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the

18       Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's

19       fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

20  120. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is

21       entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

22       1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §

23       1681o(a)(2) from Defendants.

24       **Prayer for relief**

25  121. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be

26       awarded damages from Defendants, as follows:

27       ● An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

COMPLAINT                          - 16 -

- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

**Jury Demand**

122. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 7, 2021.

                          Respectfully submitted,


                          KIND LAW

                           /s/ Michael Kind
                          Michael Kind, Esq.
                          8860 South Maryland Parkway, Suite 106
                          Las Vegas, Nevada 89123

                          FREEDOM LAW FIRM

                           /s/ George Haines            .
                          George Haines, Esq.
                          8985 S. Eastern Ave., Suite 350
                          Las Vegas, Nevada 89123
                          *Counsel for Plaintiff Angela B. Allen*

COMPLAINT                       - 17 -